IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TREMONG KNIGHT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION 05-0328-WS-L |
| ) | |
| **GEORGIA-PACIFIC CORP.,** ) | |
| ) | |
| **Defendant.** ) | |

### ORDER

On June 3, 2005, defendant Georgia-Pacific Corp. ("Georgia-Pacific") removed this action from the Circuit Court of Monroe County, Alabama, asserting that this Court has subject matter jurisdiction based on federal question and diversity of citizenship. (Doc. 1). Although the plaintiff has not filed a motion to remand, federal courts are of limited jurisdiction, and this Court has an independent and continuing obligation to confirm its subject matter jurisdiction, even when the parties do not question its existence. *University of South Alabama v. American Tobacco Co.*, 168 F.3d 409, 411 (11th Cir. 1999); *accord Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

The complaint consists of four counts, the latter two of which address only fictitious defendants. Count One is styled as a claim for "wrongful termination," but the body of the count alleges that the plaintiff was not afforded "his due process rights, as guaranteed in the Fourteenth Amendment of the United States Constitution." (Complaint, ¶ 14). Georgia-Pacific concludes that this statement supports removal on the basis of federal question jurisdiction. (Doc. 1, ¶ 3).

"A federal court may dismiss a federal question claim for lack of subject matter jurisdiction only if ... such a claim is wholly insubstantial and frivolous." *International Café, S.A.L. v. Hard Rock Café International, Inc.*, 252 F.3d 1274, 1277 (11th Cir. 2001). While the complaint invokes the Fourteenth Amendment, "a Fourteenth Amendment claim must include some element of state action. Purely private actions are not subject to the strictures of the Fourteenth Amendment." *Davis v. Cluet, Peabody & Co.*, 667 F.2d 1371, 1373 (11th Cir. 1982). Absent any express allegation of state action

or any plausible basis for divining an implicit allegation, a mere reference to the Fourteenth Amendment furnishes no subject matter jurisdiction in the federal courts. *Id*. Because the complaint appears to fall within *Davis*, it has failed to demonstrate that removal was proper on the basis of federal question jurisdiction.

The style of the complaint names only Georgia-Pacific and several fictitious defendants. The ad damnum clauses of Counts One and Two, however, demand judgment "against Defendant, Sam Spencer as an individual and in his employment as Supervisor of Georgia Pacific Corporation." (Complaint at 3, 4). Because Spencer is employed at Georgia-Pacific's plant in Peterman, Alabama, (Spencer Affidavit), it is at least likely that he, like the plaintiff, is a citizen of Alabama. Because Georgia-Pacific has neither explained how Spencer's citizenship can be ignored nor shown that he is not a citizen of Alabama, it has failed to demonstrate that removal was proper on the basis of diversity jurisdiction.

"[W]e hold that where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $[75],000 jurisdictional requirement." *Tapscott v. MS Dealer Service Corp*., 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds*, *Cohen v. Office Depot, Inc*., 204 F.3d 1069 (11th Cir. 2000). Because the plaintiff has made an unspecified demand for damages, the *Tapscott* standard applies here. Under *Tapscott,* a defendant must show that, if the plaintiff prevails on liability, it will more likely than not be awarded over $75,000.[1]

Georgia-Pacific notes that the plaintiff was terminated on June 28, 2004 and estimates that he

---

[1] *E.g., Hitch v. Laws*, 2000 WL 1005888 at *2 (S.D. Ala. 2000)("Defendants can discharge the burden 'by presenting sufficient evidence that a verdict rendered in favor of [plaintiffs] would exceed $75,000.'")(quoting *Holman v. Montage Group*, 79 F. Supp. 2d 1328, 1330 (S.D. Ala. 1999); *accord Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.*, 995 F. Supp. 1388, 1393 (M.D. Ala. 1998)("In a diversity action where the plaintiff has not made a specific request for damages, the ultimate question the court addresses is whether a defendant has established by a preponderance of the evidence that should the plaintiff prevail on a particular claim, the plaintiff, more likely than not, will recover in excess of the federal jurisdictional prerequisite.").

has accrued back wages of approximately $30,000.[2]  It concludes without explanation that, if the plaintiff prevails in this action and is awarded reinstatement as he requests, his claim would be worth over $75,000.  (Doc. 1 at 3).  This is certainly a possible outcome, but Georgia-Pacific has not shown that it is more likely than not to occur.  The most obvious flaw in its reasoning is its failure to consider the effect of income the plaintiff may have earned from alternate employment since his termination, which earnings would of course reduce the amount of damages he could be awarded in this action.

Georgia-Pacific also cites five cases in which plaintiffs in "wrongful termination" cases were awarded more than $75,000.  (Doc. 1, Exhibit B).  It is easy enough to find cases in which substantial damages were awarded, but "mere citation to what has happened in the past does nothing to overcome the indeterminate and speculative nature of [a defendant's] assertion" that the amount in controversy in a particular case exceeds $75,000.  *Federated Mutual Insurance Co. v. McKinnon Motors LLC*, 329 F.3d 805, 809 (11th Cir. 2003).[3]

In sum, Georgia-Pacific's removal papers fail to carry its burden of establishing the existence of this Court's subject matter jurisdiction.  Accordingly, Georgia-Pacific is **ordered** to file and serve, on or before **June 15, 2005**, any supplemental memorandum and/or evidentiary materials supporting its position that subject matter exists.  The plaintiff is **ordered** to file and serve any response on or before **June 24, 2005**.  The Court will take the issue of its subject matter jurisdiction under submission on **June 27, 2005**.

DONE and ORDERED this 6th day of June, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2] The plaintiff's wage rate at the time of termination was $12.87 per hour.  (Spencer Affidavit).  That rate multiplied by 2,080 (the maximum number of regular hours in a year) totals $26,769.60.

[3] At least some of the reasons for this judicial skepticism are readily apparent.  First, many factors influence the award of damages, and these factors are ordinarily heavily fact-intensive.  Second, reliance on published appellate opinions predictably skews the results because appeals are more likely after a large award than a smaller one.  This slant becomes more pronounced when the defendant selectively reports only those published awards favoring its position.